UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEIGH KING,

        Plaintiff,

v.                                      CASE NO. 05-CV-73953-DT
                                    HONORABLE LAWRENCE P. ZATKOFF

SHERRY BURT, CONNIE STANTON,
DEBRA FELLER, DAWN McCUNE,
AMY MOORE, JOHN RUBITSCHUN,
JAMES ARMSTRONG, PATRICIA CARUSO,
and JOHN or JANE DOE(s),

        Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

       This matter is pending before the Court on David Leigh King's *pro se* civil rights complaint under 42 U.S.C. § 1983 for alleged violations of constitutional rights. Plaintiff is a state prisoner at Southern Michigan Correctional Facility (JMF) in Jackson, Michigan. He has been granted leave to proceed without prepayment of the filing fee for this action.

       Defendants are: Sherry Burt, warden at JMF; Connie Stanton, a supervisor in the Records Office at JMF; Debra Feller, a Records Office Technician at JMF; Dawn McCune, a parole violation coordinator for the Michigan Parole Board; Amy Moore, a supervisor for the Parole Board's Parole Violation Unit; John Rubitschun, Chairman of the Michigan Parole Board; James Armstrong, a member of the Michigan Parole Board; Patricia Caruso, Director of the Michigan Department of Corrections; and unnamed individuals, designated as John or Jane Doe, who are employed by the Michigan Department of Corrections. Plaintiff sues the defendants in their personal and official

capacities for money damages and any other relief the Court deems equitable and just.

Plaintiff alleges that he was sentenced in 1983 to imprisonment for concurrent terms of 4½ to 10 years and 5 to 10 years. In 1985, he was sentenced to a consecutive term of 16 months to 20 years in prison. The Michigan Department of Corrections combined Plaintiff's sentences for the purpose of calculating his maximum sentence.

In subsequent years, Plaintiff was paroled, re-incarcerated, and re-paroled a few times. He alleges that, earlier this year, the defendants increased the duration of his maximum sentence due to (1) a parole violation charge for which he received no notice and (2) a dismissed charge that he absconded from parole in 1988 and 1989. Plaintiff claims that the defendants have failed to correct their erroneous calculations and have deprived him of any meaningful hearing on the matter. He estimates that the miscalculation of his sentence has resulted in his maximum sentence being extended by 306 days.

## II. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a complaint fails to state a claim for which relief may be granted if "the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous because it attacks the fact or duration of Plaintiff's imprisonment. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Plaintiff has no cause of action under § 1983 unless and until his sentence is invalidated or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute." *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749 (2004)). *Preiser*, *Heck*, and other Supreme Court cases, when taken together, "indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005).

The prisoners in *Dotson* sought relief that would render invalid state procedures used to deny parole eligibility and parole suitability. Success for them did not mean immediate release from confinement or even a shorter stay in prison. It meant, at most, new eligibility review, which might speed consideration of a new parole application, or a new parole hearing at which parole authorities could make a discretionary decision not to shorten the prison term. *See id.* In contrast, Plaintiff alleges that the defendants have miscalculated the actual length of his maximum prison term. Success in this action could shorten the duration of Plaintiff's prison term by as much as 306 days.

Because Plaintiff's sentence has not been invalidated, he is barred from seeking damages and equitable relief in a § 1983 action. Accordingly, the complaint is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: December 7, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 7, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290