UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEIGH KING,

        Plaintiff,

v.                                  CASE NO. 05-CV-73953-DT
                                  HONORABLE LAWRENCE P. ZATKOFF

SHERRY BURT, CONNIE STANTON,
DEBRA FELLER, DAWN McCUNE,
AMY MOORE, JOHN RUBITSCHUN,
JAMES ARMSTRONG, PATRICIA CARUSO,
and JOHN or JANE DOE(s),

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is pending before the Court on Plaintiff's motion for reconsideration of the Court's order dismissing his *pro se* civil rights complaint. The complaint alleges that the defendants have miscalculated Plaintiff's sentence and deprived him of any meaningful hearing on the matter. The Court summarily dismissed the complaint on the ground that it was barred by *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (stating that a plaintiff has no cause of action under § 1983 unless and until his conviction or sentence is invalidated or impugned by the grant of a petition for the writ of habeas corpus).[1]

---

[1] More recently, the Supreme Court explained that there are

"two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed.2d 32 (2004) *(per curiam)* (citing *Preiser* [*v. Rodriguez,* 411 U.S. 475, 500

Plaintiff argues in his pending motion that the Court improperly relied on *Heck* to dismiss his complaint. According to Plaintiff, *Heck* and related Supreme Court cases apply only to the imposition of the sentence, not to subsequent actions by prison officials. Plaintiff also alleges that the Court failed to address the merits of his habeas petition, which he claims to have submitted with his civil rights complaint on October 5, 2005.

The docket for this case does not reflect a separate habeas corpus petition. Thus, there is no basis for Plaintiff's allegation that the Court's order of dismissal failed to address the merits of the separate habeas petition. The habeas petition that Petitioner attached to his motion for reconsideration was not pending before the Court when the Court dismissed Plaintiff's complaint.

The Court also finds no merit in Plaintiff's contention that the Court misapplied *Heck*. A state prisoner's § 1983 action is barred (absent prior invalidation) regardless of whether the target of the prisoner's suit is state conduct leading to conviction, *or internal prison proceedings*, if success in the civil rights action would demonstrate the invalidity of confinement or its duration. *Wilkinson v. Dotson*, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005). The calculation of Petitioner's sentence is an internal prison proceeding. Plaintiff seeks a different calculation of his maximum sentence, and granting relief would imply the unlawfulness of the current calculation. Thus, the fact

---

(1973)]. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983. 540 U.S., at 750, 124 S. Ct. 1303.

. . . .

[P]risoners' suits for damages can be barred from proceeding under § 1983 when a judgment in the prisoner's favor necessarily implies the invalidity of the prisoner's sentence.

*Hill v. McDonough*, __ U.S. __, __, 126 S. Ct. 2096, 2101 (2006).

or duration of Plaintiff's incarceration is implicated here. Under *Heck* and *Dotson*, Plaintiff is barred from seeking relief in a § 1983 action.

Plaintiff has failed to show that the Court was misled by a palpable defect. Therefore, his motion for reconsideration [Doc. #6, Dec. 15, 2005] is DENIED pursuant to Local Rule 7.1(g)(3) (E.D. Mich. Sept. 8, 1998).

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: July 20, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 20, 2006.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290